IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EDWARD EUGENE HARRIS,

    Plaintiff,

v.      CIVIL ACTION NO. 2:18-cv-01264

THE KENAN ADVANTAGE GROUP, INC., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Allegations of Punitive Damages and Reckless Conduct Pursuant to Rule 12(b)(6). (ECF No. 6.) For the reasons discussed herein, the Court **DENIES** the motion. (ECF No. 6.)

*I.    BACKGROUND*

This case arises out of a motor vehicle accident that occurred on November 4, 2015, in Parkersburg, West Virginia, between Plaintiff Edward Harris ("Harris") and Defendant Charles Smith ("Smith"). (*See* ECF No. 1-1 at 3–4, ¶¶ 9–11.) Harris alleges that he was the front-seat passenger in a vehicle that was proceeding through the intersection of Pike Street and the Interstate 77 exit ramp when a tractor-trailer driven by Smith drove through a red light and struck the vehicle. (*Id.* at 4, ¶¶ 10–12.) Harris further alleges that Defendant Transport Service, LLC ("Transport"), Defendant The Kenan Advantage Group, Inc. ("KAG"), and/or Defendant Valden Transport, Inc. ("Valden") were the authorized motor carriers for the load being hauled by Smith and that Smith

was acting within the scope of his employment with the above Defendants at the time of the accident. (*See id.* ¶¶ 13–15.)

On July 2, 2018, Harris filed the present action in the Circuit Court of Wood County, West Virginia. (*See id.* at 1.) In his Complaint, Harris alleges Negligence/Recklessness/Vicarious Liability against KAG, Transport, and Valden (Count I) and Prima Facie Negligence against Smith (Count II). (*See* ECF No. 1-1 at 2–5.) Harris further requests punitive damages, "to the extent that the conduct of any or all of the Defendants warrant such damages." (*Id.* at 6.)

Defendants subsequently removed the case to this Court on August 28, 2018, invoking the Court's diversity jurisdiction. (ECF No. 1.) On August 29, 2018, Defendants filed the present motion to dismiss Harris's allegations of punitive damages and reckless conduct. (ECF No. 6.) Harris timely responded to the motion, (ECF No. 8), and Defendants timely replied. (ECF No. 9.) As such, the motion is fully briefed and ripe for adjudication.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). The rule requires the plaintiff to allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). "Consequently, this Court will only dismiss Plaintiffs' claim for punitive damages if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief.'" *Graham v. A.T.S. Specialized, Inc.*, No. 5:06-cv-00243, 2007 WL 148999, at *1 (S.D. W. Va. Jan. 17, 2007) (quoting *Byrd v. Gate Petroleum Co.*, 845 F.2d 86, 87 (4th Cir. 1988)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, and the factual allegations must be taken as true and construed in the light most favorable to the plaintiff. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). "Factual allegations must be enough to raise a right to relief above the speculative level[,]" and if a plaintiff does not "nudge" his claim "across the line from conceivable to plausible[,]" then the complaint should be dismissed. *Id.* at 555, 570. "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325 (4th Cir. 2001) (citing *DM Research v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999)).

### III. DISCUSSION

In their motion to dismiss, Defendants argue that Harris has not stated a plausible claim for recklessness and, thus, Harris cannot state a plausible claim for punitive damages. (*See* ECF No. 7 at 4.) Specifically, Defendants assert that Harris's allegation that Smith "recklessly drove his tractor-trailer through the red traffic control signal" is a legal conclusion that is not sufficient to support a claim for punitive damages. (*See id.* at 5.) Harris, however, argues that he has alleged sufficient facts to state a plausible claim that Smith acted recklessly and, thus, he has stated a plausible claim for punitive damages. (*See* ECF No. 8 at 4–5.)

Under West Virginia law, punitive damages "may be awarded 'in actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear.'" *Lawson Heirs Inc. v. Skyway Towers, LLC*, No. 2:17-cv-2198, 2018 WL 3381411 (S.D. W. Va. July 11, 2018) (citing Syl. Pt. 4, *Mayer v. Frobe*, 22 S.E. 58 (W. Va. 1895)). Further, in defining willful, wanton, and reckless conduct,

3

the Supreme Court of Appeals of West Virginia has stated that such conduct occurs when "the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to be aware of it, and so great as to make it highly probable that harm would follow." *Holsten v. Massey*, 490 S.E.2d 864, 877 (W. Va.1997).

Here, Harris has demonstrated a sufficient factual basis for a claim for recklessness. In his Complaint, Harris alleges that Smith acted recklessly when Smith ran a red light while operating a tractor-trailer, which resulted in Smith striking the vehicle Harris was in. (*See* ECF No. 1-1 at 4, ¶¶ 10–12.) Were the Court to strike the word recklessly as a legal conclusion, the Court would still be left with the allegation that Smith drove through an intersection in a tractor-trailer in spite of a red traffic signal. Surely, this is an obvious risk with a high probability of causing harm. *See Holsten*, 490 S.E.2d at 877. Thus, contrary to Defendants' assertions, Harris has done more than simply state a legal conclusion. Harris has provided sufficient facts to support a claim for recklessness and, thus, punitive damages. *See Graham*, 2007 WL 148999, at *2 (finding that, under West Virginia law, the plaintiff's complaint sufficiently alleged punitive damages where the risk alleged was one that made it highly probable harm would occur).

Further, this District and its sister district have found a claim for recklessness, and thus punitive damages, was sufficiently pled where, similar to here, the plaintiff alleged facts that the defendant tractor-trailer driver acted in a way that violated traffic rules and subsequently caused an accident. *See, e.g.*, *Shulin v. Werner Enters., Inc.*, No. 1:15-cv-95, 2015 WL 4730064, at *4 (N.D. W. Va. Aug. 10, 2015) (finding that the plaintiff sufficiently stated a plausible claim for punitive damages where the plaintiff alleged that the defendant tractor-trailer driver, who was using a cellular device, saw a vehicle stopped on the shoulder of the interstate but, nonetheless,

4

took his attention off the road and hit two people standing outside the parked car and then swerved into another lane); *Hartung v. Yelverton*, No. 2:13-cv-4178, 2013 WL 2484517, at *3 (S.D. W. Va. June 10, 2013) (finding that the plaintiff's allegation that the defendant tractor-trailer driver drove on a major interstate with a load so heavy that it caused the speed of the vehicle to drop to approximately five percent of the minimum speed limit was sufficient to state a plausible claim for punitive damages and noting that the plaintiff explicitly alleged that this conduct was reckless).

Defendants further argue that their behavior amounts to, at most, negligence. (*See* ECF No. 7 at 5–6.) In support of this argument, Defendants direct the Court to the fact that Harris pled negligence in the alternative to recklessness. (*See id.*) However, one of the most basic pleading tools available to a plaintiff is the ability to plead causes of actions in the alternative. *See* Fed. R. Civ. P. 8(d)(2)–(3). A plaintiff is "free to plead as many reasonable, alternative paths" to recovery as the plaintiff wishes. *Patriot Coal Sales, LLC v. Bridgehouse Commodities*, No. 2:12-cv-03653, 2013 WL 12284820, at *2 (S.D. W. Va. Jan. 25, 2013) ("While the defendants can rest assured that the plaintiff will not recover twice for the same injury, the plaintiff is free to plead as many reasonable, alternate paths to that recovery as it wishes in the meantime.") Alternative causes of action are evaluated independently for sufficiency. *See, e.g.*, *Tyson v. BB&T Corp.*, No. 3:16-cv-814, 2017 WL 708724, at *4 (E.D. Va. Feb. 22, 2017) (citing Fed. R. Civ. P. 8(d)) ("If Count III meets this requirement, it cannot be dismissed simply because it is brought in the alternative to other, factually inconsistent claims."). Thus, Harris's decision to also plead a claim for negligence does not alone weaken his claim for recklessness. Accordingly, construing the facts in a light most favorable to Harris, Harris has stated a plausible claim for punitive damages.

*IV.  CONCLUSION*

For the reasons discussed more fully above, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Allegations of Punitive Damages and Reckless Conduct Pursuant to Rule 12(b)(6). (ECF No. 6.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 27, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE